765 F.2d 144
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MATTHEW M. FONDEL, PLAINTIFF-APPELLANT,
v.
FORD MOTOR COMPANY, ET AL., DEFENDANTS-APPELLEES.
 NO. 82-1815, 83-1168
 United States Court of Appeals, Sixth Circuit.
 5/29/85
 
 On Appeal from the United States District Court for the Eastern District of Michigan
 Before: ENGEL and JONES, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Matthew Fondel appeals from the order of the United States District Court for the Eastern District of Michigan dismissing his complaint for failure to prosecute and from a separate order denying his Rule 60(b) motion for relief from the judgment.
 
 
 2
 On June 2, 1981, Fondel, a former employee of Ford Motor Company, brought suit against Ford alleging violations of Title VII of the Civil Rights Act of 1964, the 'Klu Klux Klan Act,' Michigan's Elliot-Larsen Civil Rights Act and Michigan defamation laws. Fondel requested that the district court appoint counsel to represent him in the action; however, the court denied his motion. Therefore, Fondel has proceeded pro se.
 
 
 3
 On August 6, 1982, the district court served all parties with notice of a bench trial set for September 13, 1982. On August 24, 1982, Fondel filed a 'Motion for 18-Month Continuance' or, in the alternative, 'Motion for Continuance Pursuant to Default Judgment.' In his motion, Fondel argued that a trial was unnecessary because the defendants were collaterally estopped by the ruling in a separate case. He also argued that he needed time for further discovery; that because of his illness (hypoglycemia), he did not feel well enough to handle the stress associated with a trial at that time; and that he would be traveling to California on business the week of September 13. The district court did not act on the motion for a continuance, and on September 13, Fondel failed to appear for trial.
 
 
 4
 On September 27, the court mailed a second notice of bench trial to all the parties, setting trial for Monday, October 4. On Friday, October 1 Fondel filed an affidavit of prejudice requesting that the district judge be disqualified from hearing his case. On October 4, Fondel again failed to appear for trial, and two days later, the court entered an order dismissing the case for failure to prosecute and an order denying his motion to disqualify the district judge.
 
 
 5
 On October 13, 1982, Fondel filed a Rule 60 motion for relief from the judgment. Seven days later, Fondel filed a notice of appeal from the order of dismissal. On November 24, the district court denied the Rule 60 motion, finding that it had been divested of jurisdiction by Fondel's filing of the notice of appeal.
 
 
 6
 Fondel now appeals both the order of dismissal and the denial of his Rule 60 motion for relief.
 
 
 7
 Upon a careful review, we are of the opinion that, whatever the merits of his underlying action might be, Fondel's right to litigate them was forfeited by his failure to present himself for trial on two separate occasions. His Rule 60 motion presented no issue different from that raised in his direct appeal.
 
 
 8
 Accordingly, the judgments of the district court are in all respects AFFIRMED.